IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) BABY GIRL, M.L., by and through Donisha Butler, as parent and next friend; <br> (2) DONISHA BUTLER, individually <br><br> Plaintiffs, <br><br> vs. <br><br> (1) THE UNITED STATES OF AMERICA ex rel. The Indian Health Service, & Chickasaw Nation Medical Center, An Agency of the Chickasaw Nation, <br> (2) SPRING MADDOX, APRN-CNM <br><br> Defendants. | Case No.: CIV-24-153-GLJ |

## COMPLAINT

Plaintiffs allege and state the following:

### I.   JURISDICTION AND VENUE

1. This matter is refiled from a previous case, Eastern District of Oklahoma Case No. 23-CV-347-JAR.

2. The Plaintiffs in this action are Baby Girl M.L. and her parent, Donisha Butler.

3. Donisha Butler is the natural parent and next friend of M.L. Each Plaintiff is a resident of the State of Oklahoma living in this judicial district, where the acts giving rise to this Complaint occurred.

4. Defendant Chickasaw Nation Medical Center (hereinafter "CNMC") is located in Ada, Oklahoma, is part of the Indian Health Care System, which is a part of the United States Department of Health and Human Services.

5. Pursuant to 25 U.S.C. § 450f *et seq,* now 25 U.S.C. §5321 *et* seq, and 28 U.S.C. § 2671 *et* seq, (FTCA), The United States of America is the Defendant in its capacity as the legally responsible entity for acts and omissions of:

   a. The Department of Health and Human Services, and its agency;

   b. The Indian Health Service (IHS), and

   c. The Indian Health Services' contract service unit, namely, the CNMC, located in Ada, Oklahoma, and

   d. The agents and employees of the CNMC, among whom are various individual nurses and doctors.

6. The events about which Plaintiffs complain took place at the Chickasaw Nation Medical Center in Ada, Pontotoc County, Oklahoma, in the Eastern District of the United States.

7. At all times relevant hereto, the Defendant, Spring Maddox, APRN-CNM, practiced nursing and midwifery in Ada, Oklahoma, at the Chickasaw Nation Medical Center. At all times relevant, she was an employee, agent, and servant of the United States of America and practiced medicine at Chickasaw Nation Medical Center.

8. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §2671, *et seq.*, and pursuant to supplemental jurisdiction conferred upon this Court pursuant to 28 U.S.C. §1367 (a).

9. Plaintiffs have, pursuant to the administrative procedures associated with the Federal Tort Claims Act (FTCA), filed substantive claims with the United States of America, setting forth the basis of the claims and injuries. This written claim was received by the Department of Health and Human Services (hereinafter "DH&HS"), Office of General Counsel on September 7, 2023.

10. On November 7, 2023, the DH&HS acknowledged receipt of the claim and requested electronic documents to evaluate Plaintiffs' claims.

11. Plaintiffs' Counsel provided the requested documentation on November 21, 2023, via [www.box.com](www.box.com).

12. DH&HS was given ninety (90) days to review and respond to Plaintiffs' claims.

13. To-date, the Plaintiffs' have not received any sort of notification from the DH&HS regarding action or denial.  Therefore, Plaintiffs' claims are deemed constructively denied.

## II.  FACTS COMMON TO ALL CLAIMS FOR RELIEF

14. On October 13, 2021, Donisha Butler came under the care of the Defendant for the labor and delivery of her daughter, Plaintiff, M.L, a minor.

15. At the time of delivery, the Defendant assigned employees/agents Richard B. McClain, Jr., Sheridan H. Duncan, RN, and Spring G. Maddox, APRN-CMN to provide the Plaintiffs with the required medical care.

16. During the course of the labor and delivery, CNMC, Defendant Maddox, and its agents were negligent and breached the standards of care required of them. As a result of the CNMC and its agents' negligence, specifically that of Defendant Spring G. Maddox, APRN-CMN, baby girl M.L. suffered a traumatic delivery resulting in a serious neurological injury to her right shoulder and arm.

17. The injuries to baby girl M.L. were the direct and proximate result of the negligence of CNMC, Defendant Maddox, including the agents, servants, and employees of CNMC.

## III. CLAIM FOR RELIEF

18. Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above, and further allege the following:

19. Defendant CNMC, acting by and through its agents, servants, and employees, including Defendant Maddox, had a duty to provide appropriate medical care to Plaintiffs on October 13, 2021. Defendant CNMC failed in that duty. The care provided was negligent and below accepted standards.

20. Defendant CNMC was negligent in or more particulars, and such acts and/or omissions, taken separately or collectively, constitute proximate cause of the injuries and damages claimed in this lawsuit. Defendant CNMC's negligence includes, but is not limited to the following:

    a. Failure to adequately train their physicians, nurses, mid-wives, and other employees, servants and agents;

    b. Failure to adequately supervise their physicians, nurses, mid-wives and other employees, servants and agents;

    c. Failure to formulate, adopt and enforce adequate policies, rules, guidelines and protocols to ensure quality care for its patients, particularly when unsuspecting patients are exposed to the reckless failure to recognize, manage, and/or treat shoulder dystocia.

    d. Failure to adequately train, educate and supervise its medical and nursing staff and personnel to ensure that said persons would properly recognize, manage and treat a shoulder dystocia patient and follow clinical standards and perform in a reasonably acceptable manner in the course of rendering medical and nursing care to its patients.

21. At all times material hereto the agents and/or employees of the Defendant CNMC violated the duties owed to Plaintiffs of ordinary care and diligence exercised by reasonably prudent

healthcare providers in the same and similar circumstances and were negligent in one or more particulars in connection with the Plaintiff's care. Such negligent acts and/or omissions taken separately or collectively, constitute a proximate cause of the injuries and damages claim in this lawsuit.

22. At all times material hereto the Plaintiffs, M.L. and her mother, Donisha Butler, were patients entrusted to the care of the Defendant, individually and/or by and through its agents and/or employees.

23. At all times material hereto the Defendants, individually and/or by and through its agents and/or employees, negligently rendered clinical care, medical treatment and healthcare services to the Plaintiffs below acceptable standards for similarly situated health care providers.

24. At all times material hereto, Defendants, individually and/or by and through its agents and/or employees, violated the duties owed to Plaintiffs of ordinary care and diligence exercised by reasonably prudent healthcare providers in the same and similar circumstances and were negligent in one or more particulars in connection with the medical care and treatment of Plaintiffs. Such negligent acts and/or omissions taken separately or collectively constitute a proximate cause of the injuries and damages claimed herein.

25. At all times pertinent hereto, the nurses, midwife, and physicians responsible for Plaintiffs' care and treatment were acting as agents (actual and/or ostensible) and/or employees of Chickasaw Nation Medical Center. Thus, the Defendant is vicariously liable for the negligent acts and/or omissions of the agents and/or employees of CNMC, pursuant to Oklahoma law under the theory of *respondeat superior*.

26. At all times pertinent hereto, CNMC was negligent, corporately, individually and/or collectively, in their hiring, retention, training, education, oversight, collaboration and/or supervision of any and all agents (actual and/or ostensible) and/or subsidiaries of their agents who performed negligent and/or grossly negligent care and treatment to the Plaintiffs, M.L. and her mother, Donisha Butler.

27. At all times pertinent hereto, CNMC was negligent, individually and/or collectively, in the granting of privileges, the scope of the independent practice, credentialing and/or re-credentialing of its agents and/or employees, including, but not limited to, Defendant Spring G. Maddox, APRN-CNM.

28. At all times pertinent hereto, CNMC was negligent, individually and/or collectively, in the oversight and supervision of the care and treatment provide to the Plaintiffs and her mother, Donisha Butler, by the hospital nursing staff.

29. At all times pertinent hereto, the Defendants, individually and/or through their apparent and/or ostensible agents, servants and/or employees, owed to the Plaintiffs mother, Donisha Butler, the duty to appropriately notify and inform her of the benefits of, various alternatives to, and risks associated with modalities of intrapartum management, treatment and delivery in order to obtain her informed consent to their plan of care, treatment and delivery.

30. At all times pertinent hereto, the Defendants, individually, corporately and/or by and through their apparent and/or ostensible agents, servants, and/or employees, failed to appropriately notify and inform the Plaintiff's mother, Donisha Butler, of the various alternatives to and risks associated with their plan of intrapartum management, treatment

and/or delivery and otherwise failure to appropriately obtain the Plaintiff's informed consent to their plan of intrapartum care, treatment and/or delivery.

31. Defendant CNMC's electronic medical record system is designed to create and/or permits healthcare providers to create a record that is confusing, incomplete, and misleading which jeopardizes the health, safety and well-being of its patients, including M.L.

## IV. DAMAGES

32. Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above, and further allege the following:

33. Plaintiffs have suffered damages including the costs of otherwise unnecessary medical care and treatment for baby girl M.L, as well as the expenses for other necessary accommodations for her disability, from the time of her birth until she reaches the age of majority.

34. The foregoing acts of negligence/gross negligence and the failure to obtain the adequate informed consent of the Plaintiff's mother, Donisha Butler, on the part of the Defendant, and/or its agents, servants, and employees, taken individually and/or collectively, were a direct cause of the minor child's Plaintiff, M.L. severe injuries and/or permanent damages which include, but are not limited to, physical pain and suffering, mental pain and suffering, emotional distress, medical expenses, life care costs, future medical expenses, loss of enjoyment of life, loss of earnings, loss of future earnings capacity, emotional suffering and other economic and non-economic damages.

35. The aforementioned and pled negligent conduct, acts and/or omissions of Defendant was reckless, grossly negligent and/or were such as to show a reckless disregard for the health

and safety of Plaintiff and others, therefore, punitive damages are both warranted and appropriate against Defendant.

36. The severe personal injuries of M.L. were not a proximate result of any act or omission of her own, nor were they a result of any act or omission of her mother but are attributable wholly to the conduct of the Defendant herein.

37. Plaintiffs seek damages in excess of $75,000.00 on both their claims individually and Ms. Butler's claim as parent and next friends of baby girl M.L.

**WHEREFORE,** Plaintiffs, M.L. and Donisha Butler, Individually, and as Parent and Next Friend of M.L., a minor child, pray for a judgment in excess of $75,000.00 for their individual claims, for damages in excess of $75,000.00 on Ms. Butler's claim as parent and next friend of baby girl M.L., a minor child, the costs of this action, and for such other and further relief as the Court may deem just and equitable.

Respectfully Submitted,

LaCourse Law, PLLC

_____
Joel A. LaCourse, OBA #17082
Rebecca J. David, OBA #32762
715 S. Elgin Ave.
Tulsa, Oklahoma 74120
T: (918) 744-7100
F: (918) 477-2299
joel@lacourselaw.com
rebecca@lacourselaw.com
***Attorneys for Plaintiffs***

**ATTORNEY LIEN CLAIMED**

**JURY TRIAL DEMANDED**